MEMORANDUM OPINION




No. 04-04-00555-CR



Clarence Abe JOHNSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-9883-A


Honorable Sharon MacRae, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 10, 2004


DISMISSED

 Pursuant to a plea-bargain agreement, Clarence Abe Johnson pled guilty to aggravated
kidnaping. With respect to counts VI, VII, and VIII, Johnson was sentenced to fifteen years
imprisonment, to run concurrently, and a fine of $1200 in accordance with the terms of his plea-bargain agreement. On July 13, 2004, the trial court signed a certification of defendant's right to
appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." See Tex.
R. App. P. 25.2(a)(2). After Johnson timely filed a notice of appeal, the trial court clerk sent copies
of the certification and notice of appeal to this court. See id. 25.2(e). The clerk's record, which
includes the trial court's rule 25.2(a)(2) certification, has been filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk's record does not include
a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its
permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this
is a plea-bargain case and that Johnson does not have a right to appeal. We must dismiss an appeal
"if a certification that shows the defendant has the right of appeal has not been made part of the
record." Id. 25.2(d). 

 We, therefore, warned Johnson that this appeal would be dismissed pursuant to Texas Rule
of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the
right to appeal was made part of the appellate record by October 14, 2004. See Tex. R. App. P.
25.2(d), 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.--San Antonio 2003, order). No such
amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule
25.2(d). 


 PER CURIAM

Do not publish